IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JON DETEMPLE | Criminal No.  20-72 |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Heidi M. Grogan, Assistant United States Attorney for said District, and respectfully files the following Position with Respect to Sentencing Factors:

1. The Government has reviewed the final Presentence Investigation Report ("PSIR") and the Addendum prepared for Jon DeTemple by United States Probation Officer Michael Howard, as well as Defendant's Position With Respect to Sentencing Factors (Doc. No. 25).

2. Counsel for the government disagrees with defendant's position and concurs with Mr. Howard that defendant's offense conduct in this case satisfies the enhancement for distribution under USSG § 2G2.2(b)(3)(F).

3. In short, defendant's use of a peer-to-peer network, namely BitTorrent (version 7.9.2.368) satisfies the definition of "distribution" as defined in USSG § 2G2.2(b)(3). *See United States v. Prophet*, 644 Fed. App'x 128 (3d Cir. 2016) (mem) (per curium) (upholding district court's application of the distribution enhancement pursuant to § 2G2.2(b)(3) where defendant merely logged into a file-sharing network).  In *Prophet*, the Third Circuit distinguished

1

the proof required to establish a violation of distribution of child pornography pursuant to 18 U.S.C. § 2252(a)(2), as set forth in *United States v. Husmann*, 765 F.3d 169 (3d Cir. 2014), from evidence sufficient to establish "distribution" as defined under the Guidelines at § 2G2.2(b)(3). 644 Fed. App'x at 129.   The Court in *Prophet* concluded that defendant's "act of merely logging in to a file-sharing network qualified as distribution [under the applicable sentencing guideline]." *Id*.  Accordingly, here, defendant's admitted use of a peer-to-peer sharing site establishes the applicability of the distribution enhancement under § 2G2.2(b)(3)(F).

        4.   At sentencing, the government may present additional evidence of defendant's knowing distribution, including the user agreement that an individual must accept in order to download the peer-to-peer software that defendant used and which explicitly states that the user knows that files downloaded or shared through the BitTorrent software will be made available to others and consents to the same.

        Respectfully submitted,

        SCOTT W. BRADY
        United States Attorney

        s/ Heidi M. Grogan
        HEIDI M. GROGAN
        Assistant United States Attorney
        PA ID No. 203184